MARCH TERM, 1913.    677

55 Vroom.            Mingos v. Central R. R. Co.

HELEN MINGOS, ADMINISTRATRIX, RESPONDENT. v. CENTRAL RAILROAD COMPANY, APPELLANT.

Submitted March 24, 1913—Decided June 18, 1913.

Evidence that the whistle of a locomotive was blown twice within three hundred yards of a railway crossing; that it was very sharp, loud, long, shrill, a long whistle; that it startled a traveler on the highway; that it was louder than others and seemed unusual to a school-boy, does not in the absence of evidence that it was needlessly, or wantonly blown, justify an inference of negligence.

On appeal from the Hudson Circuit.

For the plaintiff, *Alexander Simpson*.

For the defendant, *George Holmes* (*William D. Edwards, Edwin F. Smith* and *Charles E. Miller* on the brief).

The opinion of the court was delivered by

SWAYZE, J. The plaintiff's husband was driving with his daughter along a public highway; the horse was frightened by the whistle of a locomotive, and ran; as a result Doctor Mingos was thrown from the runabout and killed. The whistle was blown twice within three hundred yards of a highway crossing; the bell of the locomotive had been constantly ringing for a long distance. Since the engineer was in the exercise of a right, which may have been the performance of a statutory duty, the only question at the trial was whether the whistle was so negligently, needlessly or wantonly blown as to have caused the horse to run away. The question for us is the narrower one, whether an inference of negligence, needlessness or wantonness can be reasonably drawn from the evidence, so that a jury question was presented. *Bittle* v. *Camden and Atlantic Railroad Co.*, 26 *Vroom* 615; *Cannon* v. *Delaware, Lackawanna and Western Railroad Co.*, 53 *Id.* 730. There is no evidence that the whistle was blown want-

only or needlessly. As far as appears, the engineer did not see Doctor Mingos or his daughter, the horse or runabout. There is some evidence that the situation was such that he might have seen if he had looked to one side, but as he was approaching a highway crossing near the Hibernia station, his duty was to keep a careful watch straight ahead, in order to safeguard the lives of passengers and possible travelers at the crossing, and we cannot hold him to an obligation to look to one side for travelers at another point in the highway. The only evidence as to negligence is that of the plaintiff's daughter and of a school boy on his way home from school. The daughter testified that he blew two very sharp, very loud, long repeated whistles; that she had never heard one like them before in her life, because they were so loud and so long; that it was a long shriek; that it startled her because it was so shrill and so long. The school boy testified that the first blast was rather long and sharp, shrill; that it was louder than others; that it blew so shrill and loud that it seemed unusual to him; but he compared it with whistles he had heard at a distance which seemed low. When we recall the fact that locomotive whistles are necessarily loud, sharp and shrill, and frequently long in order to accomplish their purpose to warn travelers at a considerable distance, so that they may have time to avoid a rapidly approaching train, and the further fact that if this object is to be served, travelers must often be startled and alarmed, we think it clear that the mere opinion of the witnesses as stated by them does not suffice to justify an inference of negligence. Circumstances may well be such that it would be negligent to blow the whistle in such a way that travelers would not be startled, and the engineer cannot be held to be negligent because he does not hit upon the exact tone and pitch which shall suffice to alarm travelers without frightening their horses. In the Bittle case and the Cannon case other circumstances were present to justify an inference that the engineer blew the whistle needlessly after he saw the traveler. We think there should have been a nonsuit, and the judgment must therefore be reversed and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR, MINTURN, KALISCH, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, VOORHEES, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 12.